09-3141-ag
Dhanday v. Holder

BIA
Romig, IJ
A096 044 295

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 23rd day of March, two thousand ten.

PRESENT:
>  JOSEPH M. McLAUGHLIN,
>  ROBERT A. KATZMANN,
>  RICHARD C. WESLEY,
>  *Circuit Judges.*

_____

RAMESH KUMAR DHANDAY,
>  *Petitioner*,

>  v.                                          09-3141-ag
>                                              NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL, DEPARTMENT OF HOMELAND
SECURITY,
>  *Respondents*.

_____

FOR PETITIONER:        Amy N. Gell, New York, New York.

FOR RESPONDENTS:       Tony West, Acting Assistant Attorney General; Ernesto H. Molina, Jr., Assistant Director; Jamie M. Dowd, Senior Litigation Counsel, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioner, Ramesh Kumar Dhanday, seeks review of the June 23, 2009, order of the BIA, affirming the October 1, 2007, decision of Immigration Judge ("IJ") Jeffrey L. Romig, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Ramesh Kumar Dhanday*, No. A096 044 295 (B.I.A. June 23, 2009), *aff'g* No. A096 044 295 (Immig. Ct. N.Y. City Oct. 1, 2007). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Under the circumstances of this case, we review the IJ's decision as the final agency determination. *See* 8 C.F.R. § 1003.1(e)(4); *Shunfu Li v. Mukasey*, 529 F.3d 141, 146 (2d Cir. 2008). The applicable standards of review are well established. *See Corovic v. Mukasey*, 519 F.3d 90, 95 (2d Cir. 2008); *Salimatou Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir. 2008).

An asylum applicant's nationality, or lack of

nationality, is a threshold question in determining his or her eligibility for asylum. *See Jigme Wangchuck v. DHS*, 448 F.3d 524, 528 (2d Cir. 2006). The alien has the burden to establish his eligibility for asylum. 8 U.S.C. § 1158(b)(1)(B). Here, the IJ identified nationality as an important issue in the case, but found that the two letters Dhanday submitted were insufficient to prove his Indian nationality. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006) (holding that the weight afforded to the applicant's evidence in immigration proceedings lies largely within the discretion of the IJ). Moreover, the IJ told Dhanday that he should provide more official documents to establish his nationality and gave him ample time to provide such evidence. *See Diallo v. INS*, 232 F.3d 279, 285 (2d Cir. 2000) (holding that corroborating evidence, or an explanation for its absence, may be required where it would reasonably be expected). Despite being given this opportunity, Dhanday failed to provide additional evidence by the deadline the IJ had set. Thus, the IJ's determination that Dhanday failed to establish his eligibility for asylum, withholding of removal, and CAT relief is supported by substantial evidence. *See* 8 U.S.C. §

3

1158(b)(1)(B); *Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk